[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8901
The parties intermarried at Tampico, Mexico on August 3, 1985. The defendant has satisfied the Connecticut residency requirement, and the court finds it has jurisdiction over the subject matter and the parties. There are two children, issue of the marriage: Eric, born April 22, 1987, and Alex, born December 29, 1988. The evidence clearly indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 31, resides in Mexico with the children. She worked at the beginning of the marriage but in recent years has devoted her efforts to raising the children. She has completed two years of a college education and expressed the desire to resume her schooling in the future.
The defendant, age 36, works as a stock broker. He has impressive educational credentials and holds both a bachelor's and master's degree in economics. He is a thesis away from his doctorate degree in that field.
The parties spent many periods during their marriage living separate and apart, with the plaintiff residing in Mexico and the defendant in the United States. The court finds this was due mainly to the actions and desires of the defendant. The evidence indicates this marriage's failure was caused by the behavior of the defendant. No useful purpose will be served by recording the activities that caused the court to reach this conclusion.
There is substantial dispute between the parties as to several issues but particularly as to their assets. The court finds the defendant's credibility to be seriously in question. He has been less than candid in his testimony. From the evidence, it is difficult to determine if the defendant had or has any ownership interest in the substantial assets he possessed and handled or was, as he claims, merely a conduit for investing his family's money. It is apparent, however, under either scenario, the defendant had and has access to substantial funds for his own needs and in fact has used them for his own purposes.
The court has carefully considered the statutory criteria set forth in Connecticut General Statutes, Sections 46b-56, 46b-62, 46b-81, 46b-82
and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter: CT Page 8902
1. The plaintiff shall have sole legal and physical custody of the minor children. The geographic distance factor between the parties as well as their difficulties in communicating make any other custodial arrangement impractical at this time. However, the plaintiff shall keep the defendant informed of any major decisions involving the children and seek his input as to questions involving their health, education and welfare.
2. The defendant shall have rights of reasonable visitation, including the following as a minimum:
a. Whenever the defendant is in Mexico, he shall have visitation upon reasonable notice;
b. one-half of the Christmas and Easter holidays;
c. two-thirds of the children's summer vacation;
d. unrestricted telephone contact with the children during reasonable hours.
The defendant shall be responsible for the travel expenses of the children involved in visitation in the United States.
3. The defendant shall pay to the plaintiff as child support the sum of one thousand ($1,000) dollars per month per child, for a total of two thousand ($2,000) dollars per month. This amount deviates slightly from the presumptive minimum suggested by the child support guidelines, which is two thousand sixty-four ($2,064) dollars per month. However, this is deemed appropriate in view of the alimony order hereinafter stated.
The payment shall be made one-half on the fifteenth day of each month and one-half on the thirtieth day of each month, in advance. The payments shall commence on September 15, 1994 and continue until the death of the child, his emancipation, his reaching his majority or 19th birthday if still attending high school full time and residing with a parent.
An immediate wage withholding order may enter, and the employer shall make payments directly to the plaintiff.
The defendant shall have the dependency exemptions for state and federal income tax purposes on account of the children.
The plaintiff shall be responsible for the payment of any school tuition costs of the children. CT Page 8903
4. The defendant shall maintain reasonable comprehensive medical and dental health insurance coverage for the children. Section 46b-84(c) of the Connecticut General Statutes shall apply. The parties shall each pay one-half of the expenses unreimbursed or uncovered by such insurance.
5. The defendant shall pay to the plaintiff as periodic alimony the sum of twenty-five hundred ($2,500) dollars per month. The payment shall be in two installments, one-half on the fifteenth day of each month and one-half on the thirtieth day of each month, in advance. The payment shall commence on September 15, 1994 and continue until the death of either party, the plaintiffs remarriage or September 14, 1999, whichever event first occurs.
The alimony shall not be modifiable as to term. The court believes that the alimony should not be paid beyond this period, because the plaintiff will have the opportunity to complete her college education and become self sufficient during that term.
An immediate wage withholding order may enter, and the defendant's employer make payments directly to the plaintiff.
6. The defendant shall maintain life insurance on his life in the minimum amount of five hundred thousand ($500,000) dollars and name the two minor children as beneficiaries for as long as the defendant is obligated to pay child support.
7. The defendant shall pay to the plaintiff as an assignment of property the sum of one hundred thousand ($100,000) dollars. This amount shall be paid as follows: Fifty thousand ($50,000) dollars by November 1, 1994; and the remaining fifty thousand ($50,000) with no interest by May 1, 1995. It is the court's intention that this award is to be in the nature of support so that the plaintiff will have funds to obtain housing for herself and the children.
8. The defendant shall arrange to have the title to the automobile presently used by the plaintiff to be transferred to the name of the plaintiff.
9. The defendant shall take, have and own, free and clear of the claims of the plaintiff all right, title and interest in and to the following property: the dwelling known as 205 Blackberry Drive, Stamford, Connecticut, subject to the first mortgage thereon, which the defendant shall pay and save the plaintiff harmless therefrom; his 1985 automobile; his bank accounts and his 401K plan.
10. The defendant shall be responsible for the payments of the liabilities CT Page 8904 listed on schedule 3 of his financial affidavit and shall indemnify and hold harmless the plaintiff from any liability thereon.
The defendant shall process through his medical insurance carrier for payment the plaintiff's doctor bill ($500) and pediatrician bill ($150) listed on the plaintiff's financial affidavit and reimburse the plaintiff for any payments received thereon from the medical insurance carrier.
11. The plaintiff shall be responsible for the payment of the liabilities listed on schedule of her financial affidavit and indemnify and hold harmless the defendant from any liability thereon.
12. In accordance with the stipulation of the parties, the court reserves jurisdiction over the plaintiff's claims for arrearage on alimony and child support based on the order dated September, 1992, and over the plaintiff's claim for counsel fees. The court will hold a hearing on these remaining issues within thirty days of this memorandum and orders counsel to arrange a date with the court's clerk.
Judgment may enter accordingly.
NOVACK, J.